JOEL DICKENSON <i>against</i> THOMAS GOULD.

When a plaintiff in an action of book account, demands a *certain sum* in his declaration which is found to be due to him, the Court, in rendering judgment, may *add* the interest accruing from the time the account became payable to the time it was liquidated by the judgment.

When an action of book account, originally commenced before a justice of the peace, comes by appeal to the County Court, and defendant is defaulted, the Court are not restricted to appoint an auditor or auditors, as they would be if the action had been brought originally before them, but may in their discretion audit the account by *themselves* or by another or others, under the provision of the 54th section of the judiciary act.

IN ERROR. This writ was brought to reverse a judgment rendered by *Rutland* County Court, *November* term, A. D. 1800.

It appeared by inspection of the record, that *Thomas Gould*, the original plaintiff, now defendant, impeached the present plaintiff in error before a Justice of the Peace in an action on book account, demanding

18 dols. 18 cts. to balance book accounts. The Jus-
tice's Court rendered judgment in favour of *Dicken-
son*, from which judgment *Gould* appealed to the
County Court, entered his appeal, and after several
imparlances, *Dickenson* suffered a default. The
County Court rendered judgment in favour of *Gould*
for 19 dols. 57 cts. damages and costs.

The errors assigned *inter alia* not insisted upon,
are,

First. That the County Court had rendered judg-
ment for the then plaintiff, 19 dols. 57 cts. when he
alleges in his declaration, the balance of book ac-
counts in his favour to have been only 18 dols.
18 cts.

Secondly. That the County Court, upon the de-
fendant's being defaulted, did not appoint an auditor
or auditors to examine and adjust the accounts be-
tween the parties.

*Oyer* of the record craved and exhibited. *In nullo
est erratum* pleaded, and joinder.

*Langdon*, for plaintiff. Our first exception in
error is, that the judgment rendered for the original
plaintiff exceeds the sum demanded in the declara-
tion 1 dol. 39 cts. This is a small sum, but it is in-
cluded in the principle, that a plaintiff may recover
less, but never can recover greater damages than he
has demanded in his declaration. If the County
Court have the power to augment the sum set forth
by the plaintiff to be his due one dollar and thirty-
nine cents, they possess power to increase it to any
extent. In actions on the case, the defendant learns
from the declaration the extent of the plaintiff's
claim. If he considers it exorbitant, or entirely

Dickenson
v.
Gould

without foundation, he will prepare to contest it in Court : but if he considers the plaintiff's claim to be just, and the sum demanded by him as correct, he will suffer a default, resting in full confidence that judgment cannot be rendered for any greater sum than that demanded in the declaration. The plaintiff always takes his judgment at his peril. If the cause is tried by the Jury. and they find a greater sum in damages than the plaintiff claims in his declaration, he may enter a *remittitur* for the excess. If he fails to do this, the defendant may move for and shall have a new trial, or he may bring his writ of error as in the present case, and reverse the judgment.

In an action of book account, which must be considered here as a creature of the statute law, the Legislature have provided a further security, that the defendant shall have no greater sum rendered against him, even *on default*, than the plaintiff hath set forth to be his just due, by allowing him a day, and a board before whom he may appear and contest the plaintiff's claim ; and this brings us to the consideration of our

Second exception in error, to wit, that the County Court erred in rendering judgment against us upon default, without appointing an auditor or auditors to examine and adjust the accounts between us and the plaintiffs.

The act relating to actions of account, first section, *Vermont* Stat.
vol. 1. p. 236.
passed *Feb.* 23,
1797. provides, " That when any defendant or defendants, in any action of account pending in any Court in this State, shall plead in defence any plea, (which, being true, he, she, or they ought not to account,) it shall be tried by a Jury, and if a verdict be found against him, her, or them, the Court shall render judgment

that he, she, or they account ; and in such case, and also when such judgment shall be rendered on confession *or default*, the Court *may* appoint one or more judicious and disinterested men auditor or auditors in the cause, who shall be sworn to hear, examine, and adjust the account or accounts, and such auditor or auditors are hereby authorized and empowered to appoint a time and place for hearing, examining, and adjusting the accounts aforesaid, and upon the defendant or defendant's refusal (due notice being given to him, her, or them, of the time and place appointed) to attend upon him or them, and produce his, her, or their accounts, the auditor or auditors shall proceed to take the account *ex parte*, and shall award to the plaintiff or plaintiffs such sum as on his, her, or their showing, shall appear to be justly due ; which showing shall be made on the oath of the party, or other evidence, as the nature of the case may require. And upon the parties appearing to render their accounts, the auditor or auditors shall have power to administer an oath to them, according to the form prescribed by law ; and the parties being sworn, the auditor or auditors shall have power to inquire by interrogatories, as well of the plaintiff or plaintiffs, as of the defendant or defendants, relative to their respective accounts, and also to cross-examine the parties with respect to each other's accounts, as they shall judge proper ; and if either party shall refuse to take such oath, or to answer directly to such interrogatories, such refusal relative to the particular matter to which such oath or answer is required, shall be taken against the party so refusing. And when the auditor or auditors shall have adjusted the account or accounts, and returned the same into

Dickenson

Gould.

*Vermont* Stat. vol. 2. p. 348.

Court, judgment shall thereupon be rendered, if no just cause be shown to the contrary, for such sum as shall be found in arrear from either party, with costs, together with such reasonable costs for the service of the auditor or auditors as the Court shall award ; which shall, by the party in whose favour judgment shall be rendered, be paid to the auditor or auditors, and allowed to such party in his, her, or their bill of costs, which said judgment shall be final between the parties."

Section 2. " That actions of account may be sustained on book accounts ; and the same proceedings shall be had therein as is in this act before provided in the common action of account."

The statute is express. " When such judgment shall be rendered on confession or *default*, the Court *may*, in legal import *shall*, appoint one or more auditor or auditors in the cause." It appears by the record, judgment was rendered on *default*, and no such auditor or auditors appointed. We conceive, therefore, we have fully maintained the errors assigned, and that the Court will order a judgment of reversal to be entered.

*Israel Smith, e contra.* We do not contend against the general rule, that a correct judgment cannot be entered up for a greater sum than the plaintiff's demand in his declaration, but the exceptions to the rule are frequent. One exception, which covers our case, is the adding to the sum demanded by the plaintiff the interest which has accrued from the time the debt became payable to the time it is liquidated. Even in an action of debt, where such precision is required, that the plaintiff must have a

verdict for the precise sum demanded, neither more or less, and where the Chancery powers of the Court are called in aid of the defendant to render a final judgment for the sum equitably due, the Court will consider the accruing interest; but this may be said to be aside from the common law. But even in an action of debt on judgment, where no Chancery powers are exercised, and the plaintiff is obliged to declare for his precise debt, and where a cent's variation would defeat the action, the Courts continually add the interest accruing from the first to the second judgment. It is laid down, settled as a general rule in the books, " that where a new action may be brought, and a new satisfaction obtained on that for duties or demands arisen since the commencement of the depending suit, these shall not be included in the judgment on the former action : *but where the interest is an accessary to the principal, and the plaintiff cannot bring a new action for interest grown due between the commencement of the action and the judgment, it shall be included.*" And in *Comyns' Digest* it is expressly declared, under the authority of *Douglas*, p. 676. " *that a Jury may give interest on book debts in the name of damages ;*" and the addition of 1 dol. 39 cts. as interest which accrued from the time the book account became payable to the time it was liquidated by the judgment, is all the excess made by the County Court, and in this we conceive they have not erred.

The arguments advanced in support of the second error assigned, seem to have arisen from not rightly distinguishing between an action of book account, originally commenced before the County Court, and an action of the same nature, originally commenced

Dickenson .
v.
Gould.

*Com. Dig.* vol. 3. p. 343. tit. *Damages*, D.

*Dickenson*
*v.*
*Gould.*

before a Justice of the Peace, and entered by appeal in that Court.

The statute read regulates the proceedings in book accounts only in the former case.

The Legislature, after having given original jurisdiction to Justices of the Peace to hear and determine actions on book account of small comparative magnitude, which was done to save the accumulation of large costs in small suits, with the same economical spirit have saved the expense of auditors in book accounts litigated before a single magistrate, and given full power to the Justice to audit. Section 12. of the act defining the powers of Justices of the Peace within this State, enacts, " That if the plaintiff, in any action pending before a Justice of the Peace, shall be indebted to the defendant by bond, bill, note, *book,* or other contract, the defendant may plead in offset to the plaintiff's demands, any sum within the jurisdiction of a Justice as aforesaid, due to him from the plaintiff, and the plaintiff may likewise plead in offset to the defendant's demand, so pleaded in offset, any other sum within the jurisdiction of a Justice as aforesaid, *and the Justice shall render judgment for such sum as he shall find in arrear from either party.*"

*Vermont* Stat.
vol 1. p. 173.
passed *March*
4, 1797.

*Ib.* 175.

Section 16. " That when any Jury shall be impanelled to try any cause pending before any Justice of the Peace, it shall be lawful for such Jury, and they are hereby empowered to *audit and adjust all accounts* and demands committed to them by such Justice, and draw the just balance between the parties in such cause; and return such balance to the said Justice in their verdict: any former law, usage or custom in this State to the contrary notwithstanding."

4

Here appears full powers for the Justice's Court
to audit book accounts. The only question which
can arise is, when the Justice of the Peace has audit-
ed the accounts, or rendered judgment for the de-
fendant, and an appeal is entered at the County Court,
in what mode shall the appealed cause be conducted?
Shall it be put upon the footing of an action of book
account, originally commenced before the County
Court? or shall the Court proceed to try it under
the statute regulations, in the act " defining the
powers of Justices of the Peace within this State?"
Shall auditors be appointed by the County Court, or
shall they proceed to audit the book account?

If the County Court had proceeded to treat the
appealed cause as if originally commenced before
them, the design of the Legislature in the statute just
read would have been defeated. Costs would have
accumulated every way disproportioned to the sum
in dispute, The County Court have in this case pur-
sued the latter mode, and have considered that it was
no great assumption of prerogative in them to audit
an account of small amount, and which the Legisla-
ture had esteemed commensurate with the knowledge
and abilities of a single magistrate. In doing this
they have saved costs to the parties, pursued the
spirit of the several statutes, and have not erred,

It is said, in case of default it might operate a sur-
prise upon the defendant, to learn that there were no
auditors appointed before whom he might contest the
plaintiff's claim. As we consider, and as the commu-
nity consider, the true construction of the statutes, it
would operate a greater surprise upon a person who
had acknowledged a demand by default, and who had
suffered himself to be sued, not because he intended

to defend, but because he was unable to meet the demand, and who, while he was making every exertion to satisfy the expected writ of execution, had been consoling himself that as little cost as possible had been made, to discover that the plaintiff's claim was referred to auditors before whom he had nothing to contest, and the expense of whose sitting he was obliged eventually to pay.

*Langdon,* in reply. We shall submit our first exception, with what has already been observed upon it, to the consideration of the Court.

In reply to the observations of the defendant's counsel upon the second error assigned, we would inquire, what benefit was intended to be given by the Legislature by an appeal from a Justice of the Peace to the County Court. Was it merely an appeal from one magistrate to three magistrates; from the Justice to the *bench* of the County Court? or was it to secure to the appellant the privilege of having his cause reconsidered, and tried according to the more liberal practice of a higher Court.

The statute of the 23d of *February,* 1797, prescribing the mode of trial in actions of book account, contemplates two distinct issues, and destines them to distinct tribunals.

The first is, whether the defendant ought to account. If it be found that defendant ought to account, the County Court have no power to audit, but must appoint an auditor or auditors. The other issue, whose object is to discover the quantum due, can alone be decided by the auditors. The plaintiff in error, when in the County Court, had a right to the trial of these two issues, and before the several

tribunals.  He abandoned his right to the first by his
default ; but he considered, and had sufficient reason
to consider, that he was entitled to the second.  There
is no express law, depriving him of this privilege.  It
is expressly given to him by the statute.  The words
are, " That when any defendant or defendants, in any
action of account, *pending* in any Court in this State,
shall plead, &c. the Court shall render judgment to
account, and when such judgment shall be rendered
on confession or *default,* the Court may appoint an
auditor or auditors," &c.  The only question is, was
this an action of account pending in the County
Court ? not, How did it come there ?  Was it origi-
nally commenced, or was it entered by appeal from
a Justice of the Peace.  This is a distinction created
by my brother *Smith's* ingenuity, but not expressly
found in the statutes, and not to be deduced from
any fair construction of them.

A party may have a reasonable predilection for the
mode of investigation by auditors.  The crowd and
bustle of a Court seem ill adapted to the necessary
and minute investigation of the various items of a
long book account, and auditors, like a struck Ju-
ry, are often better judges of the subject matter of
an account than the most learned Judges, or a Jury
fortuitously elected, can be presumed to be.  With
the single cause before them they have more leisure
to attend to it ; while, by frequent adjournments,
accommodated to the necessities of the case, or the
parties, they are enabled to investigate critically.
They are in fact judges elected immediately by the
parties ; for although the Court appoint, yet when
the parties agree upon the men, the Court never fail
to confirm their nomination.  The appeal may be

Dickenson
v.
Gould.

Dickenson
v.
Gould.

therefore taken, and the default suffered, with the very design of carrying the account in dispute before auditors. It was probably done in this case, but has been defeated by the erroneous judgment of the County Court.

The reason why the Legislature empowered the Justice's Court to audit book accounts in the statute cited by Mr. *Smith*, is because they considered that accounts simple in their nature, and not involving any abstruse points of law in the litigation, would ordinarily come before them; but they gave a right of appeal, that in cases more intricate, the accounts might be examined by auditors of superior acquirements in scientific or mercantile concerns.

We therefore contend, that the County Court erred in rendering judgment on the record in question, without referring the book account of the plaintiff to an auditor or auditors.

## Opinion of the Court.

Chief Judge. The two errors assigned in the record *inter alia* not inserted upon are,

First. That the County Court, in their judgment for the plaintiff, exceeded his demand.

Upon this point the Court are clearly of opinion, that the County Court were correct in adding to the sum demanded by the plaintiff in his declaration the sum of one dollar and thirty-nine cents, which appears by computation to have been merely the interest which accrued from the date of the last charge in the account to the time of rendering the judgment.

The second error assigned is, that the County Court, upon the default's being taken, omitted to appoint an auditor or auditors to examine and adjust the book accounts between the parties.

The Court are decidedly of opinion, that the statute of the 23d of *February*, 1797, entitled, an act relating to actions of account, can only control actions of book account, originally commenced before the County Courts; that when an action of book account is commenced before a Justice of the Peace, the Justice, or the Jury if a Jury should be impanelled, must audit the accounts under the provisions of the 12th and 16th sections of the act defining the powers of Justices of the Peace within this State; and upon appeal to the County Court, entry and default, it is the duty of the County Court to audit the book account, which they may at their discretion do by themselves or by another or others, not being restricted by the statute of the 23d of *February*, 1797, which does not extend to actions on book account, within the jurisdiction, and appealed from a Justice's Court, but according to the provision of the 54th section of the judiciary bill, which provides, " that when judgment shall be rendered by default or on demurrer, in any Court in this State, the Judges of such Court shall have full power, by themselves, by the Jury in Court, the report of the clerk, or the report on oath of one or more judicious person or persons, to be appointed as an inquest by the Court to ascertain the sum due, and award execution thereon accordingly."

Let judgment therefore be entered, that the Court having inspected the record, find that there is no

*Margin notes:*

Dickenson v. Gould.

The statute of the 23d of *February*, 1797, entitled, an act relating to actions of account, can only control actions of book account originally commenced before the County Court.

*Vermont* Stat. vol. 1. p. 73.

Dickenson
v.
Gould.

error therein, and that the judgment of the County Court be affirmed, with additional damages and costs.

*Chauncey Langdon*, for plaintiff in error.
*Israel Smith* and *Samuel Prentice*, for defendant.